UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES WHITE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:10-CV-100 RM |
| | ) |
| EDWIN BUSS, Commissioner of the | ) |
| Indiana Department of Correction in his | ) |
| official capacity, *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Charles White, a *pro se* prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under § 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court also must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Mr. White alleges that Indiana Department of Correction ("IDOC") Commissioner Ed Buss and ISP Superintendent Mark Levenhagen violated his federally protected rights by taking away his contact visitation privileges. According to the complaint, a prison disciplinary hearing board found Mr. White guilty of a violation of prison rules that he claims "had nothing to do with the visiting area, or posed a threat to the safety and security of the facility." (DE 1 at ¶ 10). He further alleges that Supt. Levenhagen found him to be a "threat to the safety and security of the facility" and "illegally imposed the sanction of administrative procedure policy 02-01-102, the loss of contact visiting privileges." (*Id.* at ¶¶ 8, 10). Mr. White separately filed a motion for preliminary injunction asking the court to order the defendants to immediately "(cease) from illegally imposing the sanction of policy 02-01-102 non-contact visits without proof that the petitioner actually violated a facility rule while in the visiting room." (DE 2 at 1).

The complaint isn't on the court's prisoner complaint form and is somewhat difficult to parse, the crux of Mr. White's claim appears to be that the restriction on his contact visitation without proof that he violated a rule while he was in the visiting area denied him due process of law. (*See* DE 1.) The Fourteenth Amendment Due Process Clause doesn't

protect against every change in the conditions of confinement having an adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, or where the discipline imposed infringed on rights protected by the Due Process Clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485. Furthermore, prison officials are entitled to "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The court may grant relief only if the restriction imposed on Mr. White's visitation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life, or infringed on rights protected by the Due Process Clause of its own force. Inmates have no independent constitutional right to visitation or to particular forms of visitation. *See* Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); *see also* Block v. Rutherford, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). Additionally, prison officials are afforded considerable discretion in determining the time, place, duration, and conditions of visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir.

3

1999) ("[V]isitation privileges are a matter subject to the discretion of prison officials."); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998) ("[P]rison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner."). The restriction placed on Mr. White's visitation based on the determination that he constitutes a threat to the safety and security of the facility falls within the discretion the Constitution affords to prison officials. The restriction doesn't work an atypical and significant hardship on him in relation to the ordinary incidents of prison life and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

For the foregoing reasons, the court DISMISSES the complaint (DE 1) pursuant to 28 U.S.C. § 1915A. Because the complaint has been dismissed, the court DENIES the motion for a preliminary injunction (DE 2) as moot.

SO ORDERED.

ENTERED: March  25 , 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: C. White